**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HARRY R. JAVENS,

                Petitioner,                Case Number: 07-CV-10175

v.                                                    HONORABLE PAUL D. BORMAN

PATRICIA CARUSO,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DENYING PETITIONER'S MOTIONS FOR SUMMARY DISPOSITION, AND (3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Harry R. Javens is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, pursuant to a conviction for solicitation to commit murder. He has filed a *pro se* petition for a writ of habeas corpus challenging that conviction. Now before the Court are Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations and Petitioner's Motions for Summary Disposition. For the reasons set forth below, the Court grants Respondent's Motion to Dismiss and denies Petitioner's Motions for Summary Disposition.

I.

Petitioner pleaded no contest in Oakland County Circuit Court to one count of solicitation to commit murder. On October 28, 2004, he was sentenced to 22 to 48 months imprisonment. Petitioner did not file a direct appeal of his conviction.

On August 16, 2006, Petitioner filed a complaint for a writ of habeas corpus in the Jackson County Circuit Court. That complaint was dismissed on August 28, 2006. *Javens v. Mich. Dept. of Corrections*, No. 06-2317-AH (Jackson County Circuit Court Aug. 28, 2006). Petitioner filed another complaint for a writ of habeas corpus in the circuit court. That complaint

was dismissed on October 2, 2006. *Javens v. Caruso*, No. 06-2347-AH (Jackson County Circuit Court Oct. 2, 2006). Petitioner attempted to appeal the August 28, 2006 dismissal to the Michigan Court of Appeals, but the appeal was not properly filed because of filing fee deficiencies. *See Javens v. Mich. Dept. of Corrections*, No. 272978 (Mich. Ct. App. Sept. 22, 2006).

Petitioner filed a motion to correct sentence in the trial court on September 25, 2006. That motion was denied on September 28, 2006. *People v. Javens*, No. 03-192073 (Oakland County Circuit Court Sept. 28, 2006). Petitioner's subsequent motion for reconsideration was also denied. *People v. Javens*, No. 03-192073 (Oakland County Circuit Court Oct. 19, 2006). Petitioner failed to properly file an appeal of the denial of his motion to correct sentence in the Michigan Court of Appeals.

Petitioner filed the pending petition for a writ of habeas corpus on December 23, 2006. He subsequently filed two Motions for Summary Disposition. Respondent filed a Motion to Dismiss for Failure to Comply with the Statute of Limitations.

## II.

Respondent has filed a Motion to Dismiss on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. (d)(1)(A). In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's judgment of sentence was entered on October 28, 2004. Petitioner did not file a direct appeal of his conviction. His conviction, therefore, became final on October 28, 2005, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). The one-year limitations period applicable to habeas corpus petitions commenced on October 29, 2005, and continued to run until Petitioner filed a motion to correct sentence in the trial court on September 21, 2006. The motion to correct sentence was a properly filed motion for post-conviction relief for purposes of tolling under section 2244(d)(2). Thus, the filing of this motion tolled the limitations period with forty days remaining. The trial court denied the motion on September 28, 2006. The trial court denied Petitioner's subsequent motion for reconsideration on October 19, 2006. Petitioner did not properly file an application for leave to appeal the denial of his motion in the Michigan Court of Appeals. Therefore, the limitations period, of which forty days remained, resumed running on October 19, 2006. The limitations period continued to run, uninterrupted, until it expired on November 29, 2006. Petitioner did not file his habeas petition until December 23, 2006. Therefore, it was not timely filed.

Petitioner's complaints for a writ of habeas corpus filed in the state court did not serve to toll the limitations period. State habeas petitions do not toll the limitations period pursuant to

3

the provisions of 28 U.S.C. § 2244(d)(2). *Jackson v. Curtis*, 2005 U.S. Dist. LEXIS 29254, *10 (E.D. Mich. Nov. 23, 2005), *citing Seaton v. Kentucky*, 92 Fed. Appx. 174, 175 (6th Cir. 2004).

Accordingly, the Court finds that the petition was not timely filed and shall grant Respondent's Motion to Dismiss. In addition, Petitioner's Motions for Summary Disposition shall be denied as moot.

III.

Finally, the Court addresses whether Petitioner is entitled to the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision dismissing his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

4

The Court holds that jurists of reason would not find its conclusion that the petition is untimely to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A).

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations [dkt. # 13] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Summary Disposition [dkt. # 5 & # 6] are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 31, 2007.

s/Denise Goodine
Case Manager