# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HARRY R. JAVENS,

        Petitioner,                Case Number: 07-CV-10175

v.                                            HONORABLE PAUL D. BORMAN

PATRICIA CARUSO,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner Harry R. Javens filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for solicitation to commit murder. Respondent filed a Motion to Dismiss on the ground that the petition was not timely filed. On August 31, 2007, the Court issued an Opinion and Order (1) Granting Respondent's Motion to Dismiss, (2) Denying Petitioner's Motions for Summary Disposition, and (3) Declining to Issue Certificate of Appealability. Now before the Court is Petitioner's Motion for Reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner seeks reconsideration of the Court's decision that his petition was not timely filed. Petitioner argues first that reconsideration should be granted because the Court granted the motion to dismiss without reviewing Petitioner's first amendment to his reply to the motion to

dismiss. The first amendment was filed ten days after the Court issued its Order, and almost two months after the motion to dismiss was filed. The Local Rules provide that a litigant has twenty-one days to file a response to a dispositive motion; the Local Rules do not entitle a litigant to consideration of an amended response to a dispositive motion. *See* E.D. Mich. L.R. 7.1(d). In addition, the Court has now reviewed the first amendment and the arguments made therein do not impact the Court's holding regarding the timeliness of the petition.

Second, Petitioner argues that the petition for a writ of habeas corpus which he filed in state court and which did not toll the federal statute of limitations should have been deemed a motion for relief from judgment, which would have tolled the federal statute of limitations. "[A] state court's interpretation of state law . . . binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005). "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Therefore, it is beyond the province of the federal court to determine whether a state court properly characterized a pleading under state law.

Third, Petitioner argues that his complaint for superintending control filed in the Michigan Court of Appeals on November 6, 2006, should have served to toll the limitations period. An application for state collateral relief is "properly filed" such that it serves to toll the one-year limitations period "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, . . ., the court and office in which it must be lodged, and the requisite filing fee." Id. (footnote omitted). Petitioner's complaint for superintending control was not accepted for filing by the

Michigan Court of Appeals because Petitioner did not comply with the filing requirements. Therefore, the complaint was not properly filed and did not toll the limitations period.

Fourth, Petitioner argues that he attempted to file several pleadings in state court which were rejected because he did not pay the filing fee. Mich. Comp. Laws § 600.2963(1) permits a prisoner who cannot pay a required filing fee to file a claim of indigence in state court. If the state court finds that the prisoner has established his indigence, the state court may require the prisoner to pay an initial partial filing fee and subsequent monthly payments. Mich. Comp. Laws § 600.2963(2)-(5). The Michigan statute further provides that, if a prisoner has no assets and no means by which to pay the initial filing fee, the prisoner shall not be prohibited from commencing a civil action or filing an appeal. Mich. Comp. Laws § 600.2963(7). Thus, Michigan law provides a means for permitting an indigent prisoner to commence an action or file an appeal, and Plaintiff's failure to comply with Michigan law does not warrant equitable tolling of the limitations period.

Petitioner has failed to show that the Court's holding that his petition was untimely was the result of a palpable defect. Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2007

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 15, 2007.

                                                s/Denise Goodine
                                                Case Manager